*A. S. Anderson, G. C. Dekle,* contra.

---

## 13709. EATONTON COTTON MILLS *v.* PARK.

STEPHENS, J. This being a suit to recover damages upon an alleged breach of contract by the defendant, where a verdict was rendered in behalf of the plaintiff, and the only grounds of the defendant's motion for a new trial are the general grounds, and two special grounds complaining that the judge unfairly and prejudicially outlined the defendant's defense to the jury, and it appearing that the plaintiff, whose credibility was not impeached, except by contrary evidence offered by the defendant, unequivocally testified to the existence of the alleged contract sued on, there was, although an issue of fact was made as to the existence of the contract, clear and unequivocal evidence authorizing the verdict rendered for the plaintiff, and it further appearing that the ·charge of the court, while it did not verbatim and accurately state the contentions of the defendant in the language of its plea, did so substantially and almost in the language used by the defendant in·its plea and urged by it in its motion for a new trial as its correct contention, there was not presented, either in the general grounds or in the special grounds of the motion for a new trial, any plausible ground whatsoever for a reversal by this court of the judgment rendered for the plaintiff. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1923.

Action for breach of contract; from Putnam superior court — Judge Park. May 19, 1922.

The excerpts from the charge of the court which are excepted to are as follows: "The defendant, on the other hand, contends that in the month of September in the year 1920 the defendant,

through Mr. Gurry, made a contract with the plaintiff in this case to receive a certain amount of wood at six dollars per cord, and the defendant contends that under the terms of this contract no specified amount of wood was agreed on between the plaintiff and the defendant in this case that the defendant agreed to accept under that contract. The defendant contends that in the month of September in the year 1920 the price of coal was very high, and that he informed the plaintiff in this case that he would accept wood up to the time he could buy the coal at a reasonable price, and that the only contract that the defendant entered into with the plaintiff in this case was that the wood was to be delivered Friday of each week, and the defendant contends that there was no definite amount as to number of cords that was to be delivered to the defendant in this case, and that the defendant had the right under the contract to inform the plaintiff at any time that they did not care to accept any more wood; that in pursuance of that contract they only received 96 cords of wood, and that they paid the plaintiff for the amount of the 96 cords at six dollars per cord. And the defendant contends by the terms of this contract they received all the wood from the plaintiff in this case that they agreed to receive, and that they paid the plaintiff for the amount of wood they did receive. And the defendant contends that was no breach of this contract, and under the laws and facts of this case the plaintiff would not be entitled to recover any sum whatever."

" When you go to your jury room to ascertain what is the truth in this case ask yourselves the questions: What was this contract that was made in the month of September between the plaintiff in this case and Mr. Gurry representing the defendant in this case? If you reach the conclusion that by the terms of this contract Mr. Gurry only agreed to accept a limited amount of wood from the plaintiff in this case, and he was to desist in delivering wood after Mr. Gurry notified him he did not want any more wood, and you reach that conclusion in this case, then the court charges you that the plaintiff would not be entitled to recover in this case, and if you reach the conclusion those are the facts the court charges you that your verdict should be in favor of the defendant in this case. The law allows persons that are not laboring under disabilities to make any contracts that they see proper to enter into. The law does not seek to make contracts for parties, but leaves all parties

to make such contracts as they see proper.   And a party can make either a conditional or an unconditional contract under the laws of the State of Georgia."

In the motion for a new trial it is alleged that the charge of the court did not fairly submit to the jury the following contentions made by the defendant as shown by its answer:

"That during the year 1920, on account of the high prices of coal, Eatonton Cotton Mills began using green pine cord-wood for fuel; that some time during September of said year plaintiff solicited of F. W. Gurry, the agent in charge of defendant's business, an order for some green pine wood; that defendant advised plaintiff at said time as to why it was using wood for fuel, and informed him that as soon as the price of coal became low enough to be used profitably for fuel, said mill would have no further use for wood; that defendant explained to plaintiff that for said reason it could not enter into any contract whatever for the purchase of any specific quantity of wood; and that plaintiff then agreed to begin delivering cord-wood to defendant with the understanding that he was to be paid for whatever quantity was delivered during the week at the end of that week, and that the delivery of wood was to be discontinued by him whenever notified by defendant to do so."

*Stubbs & Duke,* for plaintiff in error.

*R. C. Jenkins, Callaway & DeJarnette,* contra.